Herbert CLAY, Petitioner-Appellant,

v.

Harold BLACK, Warden, Kentucky State Reformatory, Respondent-Appellee.

No. 72–2055.

United States Court of Appeals, Sixth Circuit.

Argued April 4, 1973.

Decided June 1, 1973.

Melvin L. Wulf, Lawrence G. Sager, American Civil Liberties Union, New York City, Robert Allen Sedler, Lexington, Ky. (argued), for petitioner-appellant on behalf of the Kentucky Civil Liberties Union; Richard N. Rose, Lexington, Ky., on brief.

Douglas E. Johnson, Sp. Asst. Atty. Gen., for respondent-appellee; Ed W. Hancock, Atty. Gen., Frankfort, Ky., on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

The habeas corpus petition of Herbert Clay is before this court for a second time. The facts are detailed in our prior opinion. 455 F.2d 667 (1972). After the evidentiary hearing ordered by this court, the District Court denied the application for the writ. This denial is appealed. We reverse.

Petitioner was convicted in a State court of Kentucky of wilful murder and sentenced to life imprisonment. The alleged murder took place outside a Harlan County tavern. Soon after the shooting, the petitioner turned himself in to local authorities, stating that he had been involved in a shooting. He did not discuss the incident further with police. An eyewitness to the shooting claimed that the petitioner had taken the decedent out of the petitioner's car, placed him up against the car and shot him. At trial, the petitioner claimed that the two had been struggling inside the car when the gun went off.

The day after the shooting, the Kentucky State police removed red stained cotton fibers from the upholstery in the front seat of the car. An FBI report was received about three weeks later, identifying the stain as human blood of the same type and group as the decedent. This was approximately five months before petitioner's trial. The appointed defense counsel was never made aware of the existence of the report and, therefore, did not request its production before trial.

Defense counsel learned of the existence and contents of the report some-

time during the trial. He then sought to introduce it. The trial court refused to admit it, apparently because there was no showing of the chain of possession of the car for the intervening fourteen hours between the shooting and the taking of the blood sample.

The petitioner alleges that the failure of the prosecution to make the test results available to him before trial denied him his right to due process of law. The test results were part of the investigative file from which the prosecution prepared its case. They contradicted the testimony of the State's only eyewitness to the alleged crime. As the District Court stated, "[t]he effect of the blood stain on the upholstery would have been to corroborate Clay's version of the shooting. . . ." The introduction of the test results could have raised a serious doubt in the minds of the jury as to the guilt of the petitioner.

Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), recognized a duty on the part of the prosecution to disclose evidence favorable to the defendant. In that case, defense counsel prior to trial had asked to examine the exculpatory statements made by the defendant's companion. In Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967), while expressly reserving any further delineation of the extent of the prosecutorial duty to disclose, the Court remanded a case for further proceedings where no demand had been made by the defense for examination of specific evidence in the prosecutor's possession.

■ We hold, on the specific facts of this case, that the nondisclosure of this material FBI report deprived petitioner of his right to due process of law. If the report had been disclosed prior to trial, defense counsel would have had time to make it admissible by establishment of a chain of possession of the car. The absence of a pre-trial request is not determinative in this case, where the defense was not even aware of the taking of the sample and the testing of it. See

Barbee v. Warden, 331 F.2d 842 (4th Cir. 1964); United States ex rel. Meers v. Wilkins, 326 F.2d 135 (2d Cir. 1964); Note, Brady v. Maryland and the Prosecutor's Duty to Disclose, 40 U.Chi.L. Rev. 112, 115–117 (1972).

■ This holding does not require, as the State claims, "a generalized sweeping duty on the part of the state to disclose its entire case to the defense prior to trial". It merely requires the State, with its extensive fact-gathering apparatus, to operate fairly. It has a duty to disclose evidence in its possession which contradicts the testimony of the only eyewitness to the alleged crime.

The case is remanded with directions that the writ be granted unless the State commences re-trial proceedings within a reasonable time.