**UNITED STATES of America ex rel. George FOYE, Petitioner-Appellant,**

v.

**J. E. LaVALLE, Superintendent of Clinton Correctional Facility, Respondent-Appellee.**

**No. 1040, Docket 74-1231.**

United States Court of Appeals, Second Circuit.

Argued May 24, 1974.

Decided June 10, 1974.

Michael Davidoff, Monticello, N. Y., for petitioner-appellant.

Louis J. Lefkowitz, Atty. Gen., of N. Y., by Jean B. Mechanic, Deputy Asst. Atty. Gen., for respondent-appellee.

Before TIMBERS and SMITH, Circuit Judges and TYLER, District Judge.*

TYLER, District Judge:

George Foye, convicted of murder of a child in the Supreme Court of New York, Sullivan County, on July 31, 1973, appeals from a memorandum and order of the United States District Court for the Northern District of New York on January 4, 1974, denying his petition for habeas corpus relief. Although we recognize that the district court ultimately may be proved correct in its decision to entirely deny habeas relief, we remand for further proceedings on one issue to be discussed hereinafter.

After his conviction based upon a verdict of the jury and the judgment of the Supreme Court of New York, petitioner's conviction was affirmed by the Appellate Division, Third Department, without an opinion. People v. Foye, 41 A.D.2d 902, 343 N.Y.S.2d 589 (1973). Leave to appeal to the Court of Appeals of New York was thereafter denied by one judge of that court.

In his petition for relief before the district court, Foye raised a number of issues which Judge Foley dealt with in his aforesaid memorandum and order earlier this year. Petitioner, however, seeks appeal only in respect to his claim that he was denied due process of law because the state trial judge refused to permit defense counsel to examine the complete report filed by a prosecution witness, Investigator Brown of the New York State Police, which included notes of the investigator's conversations with petitioner and his codefendant, Delois Harden. Although the record is not crystal clear in this respect, our examination of the trial minutes indicates that the trial judge ruled that the defense should receive only extracts from that report which, in the judgment of the prosecuting attorney, pertained to the direct examination of Investigator Brown.

As we read the memorandum of the district judge, he denied this aspect of Foye's petition on the grounds that the ruling of the trial judge appeared to be in accord with applicable New York law, see People v. Rosario, 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881 (1961); People v. Malinsky, 15 N.Y.2d 86, 262 N.Y.S.2d 65, 209 N.E.2d 694 (1965), and that the alleged error in not permitting the defense to see the entire Brown investigative report was in the nature of an evidentiary ruling which would form no basis for federal collateral attack upon a state criminal conviction. Judge Foley also observed that the contents of the petition and the briefs and records on Foye's direct appeal furnished no support for any claim that exculpatory material had been improperly withheld from the defense in violation of a federal constitutional right. But it is clear from Judge Foley's decision that he was not furnished a complete copy of Investigator Brown's report to examine.

We reason, therefore, that absent disclosure of the complete report to the district court, it is impossible to conclude with certainty that petitioner has not raised a constitutional issue cognizable in a federal habeas corpus proceeding. Judge Foley, in effect, recognized this problem in the following statement in his memorandum:

"There is no showing, and I recognize that an examination only would fully inform, that non-disclosure was prejudicial to such extent so as to deprive the petitioner of a fair trial. It is only in such a situation that federal habeas corpus will lie. Scalf v. Ben-

---

* Hon. Harold R. Tyler, Jr., of the Southern District of New York, sitting by designation.

nett, 408 F.2d 325, 330 (8th Cir. 1969)."

Since the report has not been examined by the district court, we remand for a hearing before him so that he will be able to examine the report in its entirety. Only in this way can it be determined whether the prosecution has failed to disclose evidence vital to the defense. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). As Judge Foley recognized, federal habeas corpus will lie to remedy a prejudicial non-disclosure. United States ex rel. Meers v. Wilkins, 326 F.2d 135 (2d Cir. 1964); Clay v. Black, 479 F.2d 319 (6th Cir. 1973); Scalf v. Bennett, 408 F.2d 325, 330 (8th Cir.), cert. denied, 396 U.S. 887, 90 S.Ct. 175, 24 L.Ed.2d 161 (1969); Levin v. Katzenbach, 124 U.S.App.D.C. 158, 363 F.2d 287, 291 (1966).

Accordingly, we set aside so much of the aforesaid order of the district court dated January 4, 1974, which pertains to the investigative report issue, and remand this case for further proceedings consistent with this memorandum.