529 P.2d 253

**The STATE of Arizona, Appellee,**

v.

**Melvin Freddie WILDER, Appellant.**

**No. 2 CA–CR 390.**

Court of Appeals of Arizona, Division 2.

Dec. 17, 1974.

As Modified on Denial of Rehearing Jan. 15, 1975.

Review Denied Feb. 18, 1975.

N. Warner Lee, Atty. Gen., Richard J. Riley, Cochise County Atty. by James E. Sherman and James K. Kerley, Deputy County Attys., Bisbee, for appellee.

Rabinovitz & Minker, P. C., by S. Jeffrey Minker, Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant is challenging the denial of his motion for a new trial as well as claiming a deprivation of effective assistance of counsel. We find his contentions have no merit and affirm.

The facts in this case are those of State v. Wilder, 18 Ariz.App. 410, 502 P.2d 1087 (1972). In addition to those facts, we must point out in relation to the instant case that a polygraph examination was administered to Jack Cusick by an officer of the Arizona Department of Public Safety in January 1971. The county attorney's office in Cochise County was advised by the officer that he was of the opinion that Cusick's answers were untruthful. In addition, on March 3, the officer was again directed to administer a polygraph examination to Cusick and again it was the officer's opinion that Cusick lied in responding to some not inconsequential questions. In the Spring of 1973, after appellant had been convicted and his conviction had been affirmed by this court, he retained new counsel. A motion for a new trial was filed, alleging the prosecution had a duty to turn over to the defense the information that polygraph examinations had been performed and that Cusick, according to the polygraph examination testing officer, lied during both examinations. The motion was denied and this appeal was taken.

This case is ultimately controlled by State v. McGee, 91 Ariz. 101, 370 P.2d 261 (1962), wherein the Arizona Supreme Court held that a refusal to permit inspection of the lie detector test was proper since the result was not and could not be evidence in itself. Admissibility upon stipulation only was allowed in State v. Valdez, 91 Ariz. 274, 371 P.2d 894 (1962).

Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), recognized a duty on the part of the prosecution to disclose, *upon request*, evidence favorable to the defendant. In Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967), the court remanded a case for further proceedings where no defense demand had been made for examination of specific evidence in the prosecutor's possession. The court in *Giles* did not eliminate the requirement of a defense request for production but simply held that where suppression is deliberate or the nondisclosure shocks the conscience of the court, a defense request is not necessary.

Before a new trial can be granted, the court must find that the undisclosed evidence is material. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L. E.2d 104 (1972). The test of materiality

is "whether the evidence might have led the jury to entertain a reasonable doubt" about the defendant's guilt. United States v. Davila-Nater, 474 F.2d 270 (5th Cir. 1973); Levin v. Clark, 133 U.S.App.D.C. 6, 408 F.2d 1209 at 1212 (1967). Another test of "materiality" advocated by some courts is whether the nondisclosure prejudiced the defense. Evans v. Janing, 489 F.2d 470 (8th Cir. 1973); Simos v. Gray, 356 F.Supp. 265 (E.D.Wis.1973). All of the cases on the subject have one thing in common, the undisclosed evidence was admissible at trial. Giglio v. United States, supra (non-disclosure of promise of immunity); Clay v. Black, 479 F.2d 319 (6th Cir. 1973) (non-disclosure of FBI lab report).

In view of State v. McGee, supra, it is easy to see why the prosecution did not disclose the polygraph results. Appellant made no request to see the results although his lawyer knew a test had been taken. The prosecution by virtue of State v. McGee, supra, would not have been under a duty to disclose the results upon request. Certainly, the prosecution was under no duty to disclose in the absence of a request. Since the test result was not admissible in evidence by the defense, it was not material within the *Giglio* meaning.

Appellant contends that he was denied his constitutional right to effective assistance of counsel both at the trial stage and at the appellate proceedings. Among the points raised are counsel's omission of certain instructions to the jury which might have been given, his not objecting to some which were given and his failure to raise on appeal an ambiguous instruction. Such actions of counsel may be viewed now as perhaps not the most effective steps which could have been taken. But that is not the test for the constitutional guarantee of effective assistance of counsel. To fall below that standard, the defense must be characterized as a mockery and a sham. State v. Tellez, 111 Ariz. 34, 523 P.2d 62 (1974); State v. Brookshire, 107 Ariz. 21, 480 P.2d 985 (1971). Neither the trial nor the appellate proceeding was a sham, and we reject appellant's contentions in that regard.

Affirmed.

KRUCKER and HOWARD, JJ., concur.