540 P.2d 751

**The STATE of Arizona, Appellee,**

v.

**Mitchell TAINTOR, Appellant.**

**No. 2 CA–CR 624.**

Court of Appeals of Arizona,
Division 2.

Sept. 29, 1975.

Rehearing Denied Nov. 7, 1975.
Review Denied Dec. 9, 1975.

Bruce E. Babbitt, Atty. Gen., Phoenix by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

O'Meara, Michela & Brogna by Carmine A. Brogna, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

On January 9, 1975, appellant and three other inmates of the Pima County Jail in Tucson were transferred to the Pima County Jail in Ajo, Arizona. One of the other inmates was Henry Harris Preswell, aka Jimmy Ambrosio. When they reached Ajo, all four were placed in the same cell.

During the evening of January 16, guards in the detention facility detected smoke. After summoning their supervisors, they conducted a "shakedown" of the cell. Appellant and his cellmates were moved out of the cell while it was being searched and were later returned to it.

The source of the smoke was not found during searches on January 16 and 17. In the early morning hours of January 18, the origin of the smoke was found to be an incendiary fire between the ceiling of cell four and the roof of the jail.

Preswell, a witness for the State, testified that appellant and another cellmate, Alfredo Estrada, conspired to set the fire to aid their escape. Appellant admitted removing the wire mesh covering from the light fixture in cell four to turn out the light but denied any conspiracy or act tending to arson or escape. He testified that Preswell later made a tool from the wire mesh to help him escape and used this tool to scrape a hole in the cell wall.

Detention Officer Schneck testified on cross-examination by defense counsel that no signs of digging were found during the search of cell four.

Appellant took the stand after Schneck and described in detail how Preswell dug the hole in the wall. Two persons who were confined in cell three testified that Preswell told them he had started the fire.

After appellant completed his testimony, according to documents submitted concerning a new trial, the prosecutor took the following course of action:

"After that day of trial the prosecuting attorney telephoned Mr. Sneck [sic] and had him search the cell again. This time he reported finding a hole. Mr. Sneck [sic] did not explain how the hole was put there nor could he tell how the hole was made. He also told the prosecuting attorney that the hole was not seen the night of the fire when a search was made of that cell. However, he added that the hole was in such a position that it could have been overlooked during the search of the cell on the night of the arson."

The prosecutor failed to tell defense counsel what Schneck had told him. In addition, despite what he knew to be the truth, the prosecutor argued as follows in his closing statement:

"Mr. Brogna characterized that physical as were critical piece of evidence [sic]. Well, it is critical if you believe the sestimony [sic] of Mr. Taintor. If you believe this shank was used by Jimmy Ambrosio to try to get out of that cell it would be critical evidence. But you heard John Schneck testify, you heard they searched that cell after the arson and you heard Mr. Brogna ask John Schneck, did you find any holes in the wall, or any scrappings [sic] on the wall in cell number four. And Mr. Schneck said no. There was scrappings [sic] in cell number three which is across the hall where Rea and Yarbrough were kept, but those scrapings [sic] and that hole were there from the prior incident.

There was no evidence in this case, none, that this piece of metal was ever used by anyone to try to escape out of that cell, try to pry away some bricks. Absolutely no evidence of that. If there were this might be important evidence. If there were it might corroborate what

Mitchell Taintor said, and that that's what Ambrosio used that for."

Appellant was convicted of second-degree arson, attempted escape and conspiracy. He was sentenced to prison terms on all counts, the sentences to run concurrently, and is now incarcerated in the Arizona State Prison.

Appellant contends that the state deliberately suppressed evidence during the trial in violation of his rights under the Due Process Clause of the 14th Amendment. The State contends that there was no suppression of evidence, that the evidence was available to the defense as well as the prosecution, that the defense could not have proved that the hole was dug three months earlier by Preswell, and if there was error, it was harmless.

 It is clear that the prosecution deliberately withheld evidence helpful to the defense. The testimony was significant enough for the prosecutor to call it "important" in his closing statement and to argue to the jury that it did not exist. The suppression of favorable evidence requested by an accused violates due process where the evidence is material to guilt or innocence. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Where the suppression is deliberate, the defense need not have made a request. *Giles v. Maryland,* 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); *State v. Wilder,* 22 Ariz.App. 541, 529 P.2d 253 (1974). The State contends there was no suppression of evidence because the hole was always there and and appellant could have discovered it. This contention misses the point. The evidence that the State deliberately suppressed was not the information that the hole existed but the testimony of Mr. Schneck that he had found it.

Since the error in this case was of federal constitutional dimensions, we must reverse unless we find beyond a reasonable doubt that it was harmless. The State must therefore show that the error did not

affect the verdict. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The evidence clearly established that one or more of the inmates in cell four set a fire. The evidence is not at all clear, however, as to their identities. The evidence is also unclear regarding the reason the fire was set. The issue is a question of credibility. Is the jury to believe the testimony of Preswell, the State's chief witness, or the testimony of appellant and the two persons who were in cell three?

When we consider the State's final argument and the inconclusiveness of the evidence, it is evident that the State has failed to show that the error did not affect the verdict.

 Appellant also contends that the trial court erred in refusing to instruct the jury that appellant could be convicted of destroying or injuring a public jail under A.R.S. § 31–130. An instruction on a lesser offense is justified only when there is evidence upon which the jury could convict of a lesser offense and at the same time find that the State had failed to prove an element of the greater crime. *State v. Schroeder,* 95 Ariz. 255, 389 P.2d 255 (1964); *State v. Swafford,* 21 Ariz.App. 474, 520 P.2d 1151 (1974). The instruction should be refused where the evidence is such that defendant can only be guilty of the crime charged or not at all. *State v. Brady,* 105 Ariz. 190, 461 P.2d 488 (1969). Here there was no evidence of destruction of jail property other than the setting of the fire, hence appellant could only have been guilty of arson or not guilty at all. The trial court therefore correctly refused to instruct on the crime of destroying or injuring a public jail.

Reversed and remanded for a new trial.

HOWARD, C. J., and HATHAWAY, J., concur.